## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-5177 PA (MARx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Eugenia McLaurin v. CVS Pharmacy, Inc.. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant CVS Pharmacy, Inc. ("Defendant"). (Docket No. 4.) The Notice of Removal alleges that the Court possesses jurisdiction over the action filed by plaintiff Eugenia McLaurin ("Plaintiff") pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5177 PA (MARx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Eugenia McLaurin v. CVS Pharmacy, Inc.. | | |

that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788–89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)).  "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  Ibarra, 775 F.3d at 1197.

Here, Plaintiff's First Amended Class Action Complaint ("FAC") alleges that Defendant violated the Consumer Legal Remedies Act, California Civil Code §§ 1750, et seq. and the Unfair Competition Law, California Business & Professions Code §§17200, et seq. and also asserts a cause of action for breach of express warranty based on Defendant's advertisement and sale of supplements containing citric acid but that were labeled as having no artificial ingredients.  The FAC requests relief in the form of "restitution and disgorgement of profits and unjust enrichment" and "damages in amount which is different than that calculated for restitution." (FAC, Request for Relief (Docket No. 4, p. 66).)  The FAC defines the class as "[a]ll persons who purchased the Products for personal use in the United States within the applicable statute of limitations until the date class notice is disseminated."  (FAC ¶¶ 26, 32 .) The Notice of Removal contains only the conclusory allegation that the alleged amount in controversy exceeds $5,000,000, and fails to include any well pleaded, plausible facts or even the assumptions upon which Defendant bases its conclusion.  (NOR ¶ 8.)

Defendant alleges in its NOR that when an operative complaint does not specify the amount of damages sought, the removing defendant's "amount in-controversy allegation should be accepted when not contested by plaintiff or questioned by the court."  (NOR ¶ 9 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 87-88).)  But here, the Court questions whether Defendant has met is burden of alleging an amount in controversy in excess of $5,000,000.  See also Petkevicius v. NBTY, Inc., Case No.: 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) ("[S]imply stating that the amount in controversy exceeds $5,000,000, without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation of the amount in controversy . . . .").

Moreover, based on its own review of the original Complaint and the FAC, the Court questions the timing of Defendant's removal of this action.  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).  These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5177 PA (MARx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Eugenia McLaurin v. CVS Pharmacy, Inc.. | | |

U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998).

Here, Defendant bases its removal of the action on the filing of the FAC. (NOR ¶ 3.) However, as discussed above, the NOR is vague and conclusory and fails to include any facts or underlying assumptions regarding the alleged damages, and the Complaint and FAC contain the same Request for Relief (see Docket No. 4 at pp. 30 & 66). If, as Defendant alleges, the FAC alleges sufficient facts from which Defendant could determine removability, it is not clear why the original Complaint's allegations did not similarly provide notice of removability. Thus, there is an issue as to whether the amount in controversy was ascertainable at the time the original Complaint was served and whether the filing of the Notice of Removal was timely under 28 U.S.C. § 1446(b).

Based on the foregoing, the Court hereby orders Defendant to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy requirement for CAFA jurisdiction has been met. Defendant is additionally ordered to show cause in writing why the action should not be remanded because the amount in controversy was ascertainable at the time the original Complaint was served and the removal was therefore untimely. Defendant's response to this Order to Show Cause shall be filed no later than July 17, 2024.

IT IS SO ORDERED.